IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES MEYERS, Y12393,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 25-cv-1690-DWD |
| ) | |
| C/O O'BEAR, ) | |
| LT. SCHOONOVER, ) | |
| SGT. SANCHEZ, ) | |
| C/O SHIREY, ) | |
| ILL. DEPT. OF CORR., ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff James Meyers, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff alleges that the defendants engaged in excessive force and refused medical treatment for his injuries. The Complaint (Doc. 3) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §

1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that while he showered on June 30, 2025, Defendant Sanchez walked by and whistled at him while peering into the shower. (Doc. 3 at 3). Sanchez then returned to cuff him up and made a lewd sexual comment, to which Plaintiff replied he was not homosexual and did not appreciate the remark. Upset at the remark, Sanchez walked off, returning with Defendants O'Bear and Schoonover. Plaintiff complied with a directive to cuff up and handcuffs were placed behind his back. On the walk to his cell, Schoonover kept roughly pushing him, and upon arrival at the cell Schoonover thrust him into the cell and began punching him, pulling his hair, and bashing his head into the wall. Plaintiff alleges that Sanchez joined the physical assault, while O'Bear stood outside and closed the door to obscure the altercation. During the assault, Plaintiff alleges that Sanchez fondled his buttocks and genitals. (Doc. 3 at 4).

Eventually, the officers exited the cell, but Schoonover insisted that his hands remain restrained thru the chuckhole. Plaintiff alleges his arms and wrists were further contorted and battered in this position before he was released from the restraints. (Doc. 3 at 4). He was concerned that he would lose consciousness due to the pain, though he does not allege this actually occurred.

Shortly after the assault, Plaintiff asked Defendant Shirey (an officer) for medical assistance, and Shirey acknowledge his request but refused assistance. Plaintiff also alleges that he was supposed to see a nurse for a dressing change on a pre-existing

wound, though his allegations make it seem that this did not occur in a timely fashion. He claims the nurse told him that she was informed he refused care. (Doc. 3 at 5).

Plaintiff alleges that he was eventually issued a disciplinary ticket to "cover up" the assault. (Doc. 3 at 5). He faults Defendant Sanchez for a sexual assault and physical assault, Schoonover for the physical assault, O'Bear for failing to intervene, Shirey for refusing medical care, and the Illinois Department of Corrections for the disciplinary ticket. He has also filed a Motion for a Preliminary Injunction (Doc. 1).

Based on the allegations in the Complaint the Court designates the following Claims:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Sanchez and Schoonover for their conduct on June 30, 2025;**
>
> **Claim 2:** **Eighth Amendment failure to intervene claim against defendant O'Bear for failing to stop the conduct of Sanchez and Schoonover on June 30, 2025;**
>
> **Claim 3:** **Eighth Amendment deliberate indifference claim against Defendant Shirey for refusing initial medical care;**
>
> **Claim 4:** **First Amendment retaliation or Fourteenth Amendment due process claim against Defendant IDOC for the resulting disciplinary ticket.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.** Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim is not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Here, Plaintiff alleges that Defendants Sanchez and Schoonover violently assaulted him without any provocation, and at a time when he was physically restrained. These allegations are sufficient to proceed on Claim 1.

It is worth noting that Plaintiff mentions a suggestive whistle and a verbal comment from Sanchez that precipitated the assault. He implies that these actions, along with Sanchez's alleged sexual touching in his cell, are the basis for a freestanding harassment claim. Generally, verbal harassment must be coupled by other threatening circumstances to rise to the level of a freestanding claim, and it is also necessary for the alleged recipient of the harassment to identify a concrete and reasonable fear associated with the harassment. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review); *Brand v. Oglesby*, 2021 WL 4262447 at *1 (S.D. Ill. 2021) (finding a claim insufficient where plaintiff alleged that a guard ran into his cell, verbally threatened him, and indicated he would

deploy pepper spray if plaintiff moved). Some threats may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). "The test for what constitutes cruel and unusual punishment is an objective one. It is not the actual fear of the victim, but what a "reasonable victim" would fear." *Id.* Here, Plaintiff's complaint is plain and straightforward, but it does not include any details that describe a level of fear associated specifically with the whistle or comment, nor does he suggest a risk of ongoing harm either from the harasser or from fellow inmates. While it is not implausible that with more information a harassment claim could be pled, the Court finds the allegations in the present complaint too vague to support such a claim independent from the excessive force claim.

In Claim 2, Plaintiff alleges that Defendant O'Bear participated in the escort from the shower to his cell and then stood at his cell door to obscure view of what occurred. To sustain a failure to intervene claim, an inmate must show that a bystander is aware of the threat of an assault but fails to take reasonable action to intervene. *See e.g., Eddmands v. Walker*, 317 Fed. App'x 556, 558-59 (7th Cir. 2009). Here, Plaintiff's allegations are sufficient against O'Bear to proceed on the theory that he failed to intervene.

In Claim 3, Plaintiff faults Defendant Shirey for hearing his request for medical care but denying him access to care. This claim may well be successful if supported by more facts, but at present it is too vague. Plaintiff has not alleged what specific injuries he sustained, nor has he explained if Shirey was present during the assault or was able to view the injuries when Plaintiff sought care. Basic knowledge of the reason that an inmate seeks care is important to the Court's ability to determine if Plaintiff had a

sufficiently serious injury, and if Shirey exhibited deliberate indifference to his situation. Thus, Claim 3 is dismissed as insufficiently pled.

Finally, Plaintiff generically faults IDOC for the issuance of a disciplinary report after the incident, which he characterizes as a cover-up or retaliation. He also faults IDOC for allowing its employees to act in the fashion he described in his complaint. Neither of these theories can succeed as pled, because IDOC is not an entity subject to suit under §1983. *See e.g., Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (the jail itself was not a suable entity). Thus, Claim 4 must be dismissed as insufficiently pled.

### MOTION FOR A TEMPORARY RESTRAINING ORDER (DOC. 1)

Plaintiff seeks a temporary restraining order to protect him from further acts of retaliation. (Doc. 1 at 1-2). He alleges that he is currently housed in restrictive housing, serving a disciplinary sentence for a falsified ticket. He claims that he is not receiving proper healthcare, though he does not specify what conditions he has that require care. (Doc. 1 at 2). He further alleges that he is not getting care because he is housed in an area where all staff are defendants or officers who hate him for reporting the events described in the complaint.

Plaintiff's Motion will be denied for several reasons. First, he seeks only a temporary restraining order, but this sort of relief is generally limited to just 14 days. Fed. R. Civ. P. 65(b)(2). The Court assumes that Plaintiff desires relief for a longer period of time, so his preferred sort of relief would probably be better characterized as a preliminary injunction.

Second, Plaintiff alleges in the motion that he is experiencing ongoing retaliation, and that he needs medical care, but he is not very specific about either issue. He does not give names or descriptions of those who are allegedly retaliating against him in restrictive housing, and he does not describe the nature of the physical injuries for which he needs medical care. Preliminary injunctive relief is meant to preserve the status quo until litigation can further resolve the merits of a claim. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (a preliminary injunction is meant to preserve the status quo, and if it seeks a mandatory act, it shall sparingly be issued). If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm …," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Typically, preliminary injunctive relief may only issue if it is related directly to a pending claim and defendant, whereas relief beyond the bounds of the claims and parties is inappropriate. *See e.g.*, *Tatum v. Hunter*, Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in* Tatum v. Hunter, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019). Here, Plaintiff's Motion for a Temporary Restraining Order (Doc. 1) will be denied because it is not tied to specific risks of harm and it is not linked personally to the existing defendants or claims. If Plaintiff wishes to renew this motion, he should provide more details about his injuries, and the individuals who he believes currently pose a threat to his safety.

**DISPOSITION**

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendants Sgt. Sanchez, and Lt. Schoonover and **Claim 2** proceeds against C/O O'Bear. By contrast, **Claim 3** against Defendant C/O Shirey, and **Claim 4** against Defendant IDOC are insufficient as pled and the Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Shirey and IDOC.

The Clerk of Court is **DIRECTED** to prepare for Defendants Sgt. Sanchez, Lt. Schoonover, and C/O O'Bear: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 3), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for a Temporary Restraining Order (Doc. 1) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: September 23, 2025**               /s *David W. Dugan*
                                            _____
                                            DAVID W. DUGAN
                                            United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.